[Civ. No. 6484. First Appellate District, Division Two.—December 24, 1928.]

MRS. GUSTAF A. BALTHES, Respondent, v. LUSENTAK B. BOGIGIAN et al., Defendants; FIRST NATIONAL BANK IN FRESNO, Appellant.

Cosgrave & Barstow for Appellant.

Lindsay & Gearhart for Respondent.

NOURSE, J.—Plaintiff sued to recover $1,000 paid by her into the defendant bank in connection with a written contract between plaintiff and defendant Bogigian for the sale of a quantity of figs. Plaintiff had judgment against the bank for $862.50, and against Bogigian for $137.50. The bank alone has appealed from the judgment on a typewritten transcript under section 953a et seq. of the Code of Civil Procedure.

The contract called for the sale to the plaintiff of the entire 1925 crop of figs grown on Bogigian's land at a stipulated price and provided that, upon the execution of the contract, the plaintiff should pay to the defendant bank the sum of $1,000, "which sum shall be 'applied to the purchase price as follows: the second party (Balthes) shall pay on each ton $50.00 less than the amount owing under this contract until the said deposit is exhausted, that is to say, the deposit shall be applied to the purchase price at the rate of $50.00 per ton."

The first delivery of figs under the contract was quarantined as unfit, and the defendant Bogigian thereupon repudiated the contract and refused to make any further deliveries. The plaintiff then notified the bank of the breach by Bogigian and demanded the return of the deposit. The bank applied the deposit upon a chattel mortgage on the fig crop which it held against the defendant Bogigian.

The trial court found that the bank received the money in order that it might be applied to the purchase price of the figs at the rate of $50 per ton and not otherwise. On this appeal the bank contends that this finding is not supported by the evidence. The contract itself discloses that the payment was intended merely as a deposit to be applied to the purchase price on delivery of each ton of figs at the rate of $50 per ton, and this agreement was made with the full knowledge and consent of the bank. No evidence is cited tending to show that there was any uncertainty in the intention of the parties as expressed in this contract or that there was any misunderstanding on the part of the bank of its position in the transaction.

The judgment is affirmed.

Sturtevant, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 23, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 21, 1929.

All the Justices concurred.